

Scott P. Shaw (SBN 223592)
SShaw@Merchantgould.com
**MERCHANT & GOULD P.C.**
8383 Wilshire Blvd., Ste. 935
Beverly Hills, CA 90211
Telephone: (949) 330-0202

*Attorneys for Defendant*
*Zoetop Business Co., Ltd.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

TAPESTRY, INC., a Maryland Corporation; COACH SERVICES, INC, a Maryland Corporation; and COACH IP HOLDINGS LLC, a Delaware Limited Liability Company

Plaintiffs,

v.

ZOETOP BUSINESS CO., LIMITED, a Hong Kong SAR China Private Limited Company; SHEIN US SERVICES, LLC, a Delaware Limited Liability Company; and DOES 1-10, inclusive,

Defendants.

Case No. 2:25-cv-02224 (JLS-E)

**DEFENDANT ZOETOP BUSINESS CO. LTD.'S ANSWER TO COMPLAINT**

Defendant Zoetop Business Co., Ltd. ("Zoetop" of "Defendant"), by and through its counsel, hereby answers the Complaint of Plaintiffs Tapestry, Inc., Coach Services, Inc. and Coach IP Holdings LLC, as follows:

Zoetop is without sufficient information to determine the identities of the DOE Defendants and therefore is without sufficient information to form a belief as

to the truth of any allegations regarding the conduct of "Defendants" collectively. Zoetop incorporates this response into each paragraph that uses the term "Defendants" and responds to each paragraph individually, substituting "Zoetop and Shein US Services, LLC" for "Defendants."

Zoetop is no longer in business and has not been operational since 2021. The Complaint's allegations against Zoetop are in violation of Rule 11 of the Federal Rules of Civil Procedure, because Zoetop has no involvement in the allegations in this case.

## NATURE OF ACTION

1. Defendant admits that Plaintiffs purport to bring an action for trademark counterfeiting, trademark infringement and unfair competition under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and for related claims of trademark infringement and unfair competition under the statutory and common law of the state of California, but expressly denies that the claims have any merit. Defendant has no involvement in the allegations in this case and denies liability for all claims. Except as expressly admitted, Defendant denies the allegations of this paragraph.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

## JURISDICTION AND VENUE

7. Defendant is without information to admit or deny the allegations, so on this basis denies them.

[3.][1] Denied.

[4.] To the extent the allegations of this Paragraph purport to quote language from a publicly available website, the purported language speaks for itself. Except as expressly admitted, Defendant denies the allegations of this paragraph.

[5.] To the extent the allegations of this Paragraph purport to quote language from a publicly available website, the purported language speaks for itself. Except as expressly admitted, Defendant denies the allegations of this paragraph.

[6.] For the purposes of this action only, Defendant does not contest venue. Except as expressly admitted, Defendant denies the allegations of this paragraph.

**PARTIES**

[7.] Defendant is without sufficient information to admit or deny the allegations, so on this basis denies them.

8. Defendant is without sufficient information to admit or deny the allegations, so on this basis denies them.

9. Defendant is without sufficient information to admit or deny the allegations, so on this basis denies them.

10. Defendant admits Zoetop is a Hong Kong limited company. Except as expressly admitted, Defendant denies the allegations of this paragraph.

11. This paragraph is directed towards another defendant and does not relate to Zoetop, such that no response is required. To the extent a response is required, upon information and belief, Defendant admits that Shein US Services, LLC is a limited liability company organized and existing under the laws of the State of Delaware and registered to do business in the State of California. Except as expressly admitted, Defendant denies the allegations of this paragraph.

12. Defendant is without sufficient information to admit or deny the allegations, so on this basis denies them.

[1] Paragraph numbering matches the Complaint.

13. Denied.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A. The World-Famous Coach Brand and Products

14. Defendant is without sufficient information to admit or deny the allegations, so on this basis denies them.

15. Defendant is without sufficient information to admit or deny the allegations, so on this basis denies them.

16. Defendant is without sufficient information to admit or deny the allegations, so on this basis denies them.

17. Defendant is without sufficient information to admit or deny the allegations, so on this basis denies them.

### B. The Coach Trademarks

18. Defendant is without sufficient information to admit or deny the allegations, so on this basis denies them.

19. Defendant is without sufficient information to admit or deny the allegations, so on this basis denies them.

20. Defendant is without sufficient information to admit or deny the allegations, so on this basis denies them.

21. Defendant is without sufficient information to admit or deny the allegations, so on this basis denies them.

22. The allegations of this paragraph include legal conclusions to which no response is required. To the extent a response is required, the purported registrations speak for themselves. Defendant is without sufficient information to admit or deny the remaining allegations, so on this basis denies them.

23. Defendant is without sufficient information to admit or deny the allegations, so on this basis denies them.

24. The allegations of this paragraph include legal conclusions to which no response is required. To the extent a response is required, Defendant is without

sufficient information to admit or deny the allegations, so on this basis denies them.

25. The allegations of this paragraph include legal conclusions to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations, so on this basis denies them.

26. Defendant is without sufficient information to admit or deny the allegations, so on this basis denies them.

27. Defendant is without sufficient information to admit or deny the allegations, so on this basis denies them.

28. Defendant is without sufficient information to admit or deny the allegations, so on this basis denies them.

29. Defendant is without sufficient information to admit or deny the allegations, so on this basis denies them.

30. Defendant is without sufficient information to admit or deny the allegations, so on this basis denies them.

31. The allegations of this paragraph include legal conclusions to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations, so on this basis denies them.

32. The allegations of this paragraph include legal conclusions to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations, so on this basis denies them.

**C. Defendants' Acts of Infringement and Unfair Competition**

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. To the extent the allegations of this Paragraph purport to cite information from a publicly available website, the purported website speaks for itself. Except as expressly admitted, Defendant denies the allegations of this

paragraph.

38. Denied.

39. To the extent the allegations of this Paragraph purport to cite information from a publicly available website, the purported website speaks for itself. Except as expressly admitted, Defendant denies the allegations of this paragraph.

40. Defendant is without sufficient information to admit or deny the allegations, so on this basis denies them.

41. To the extent the allegations of this Paragraph purport to cite to public records, those records speak for themselves. Except as expressly admitted, Defendant denies the allegations of this paragraph.

42. Defendant admits that this lawsuit arises from Plaintiffs' allegations of its "design, manufacture, importation, distribution, advertisement, marketing, offering for sale, and sale" of the Accused Products but denies the merit of those allegations. Except as expressly admitted, Defendant denies the allegations of this paragraph.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. The allegations of this Paragraph include legal conclusions to which no response is required. To the extent a response is required, Defendant expressly denies the allegations of this paragraph.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

**FIRST CLAIM FOR RELIEF**

**(Trademark Infringement and Counterfeiting– 15 U.S.C. § 1114)**

56. Defendant incorporates by reference the allegations contained in preceding paragraphs as if set forth herein. To the extent this paragraph requires an answer, Defendant responds to each allegation as set forth above.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

**SECOND CLAIM FOR RELIEF**

**(False Designation of Origin and False Advertising – 15 U.S.C. § 1125(a))**

65. Defendant incorporates by reference the allegations contained in preceding paragraphs as if set forth herein. To the extent this paragraph requires an answer, Defendant responds to each allegation as set forth above.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

**THIRD CLAIM FOR RELIEF**

**(Trademark Infringement under California Common Law)**

72. Defendant incorporates by reference the allegations contained in preceding paragraphs as if set forth herein. To the extent this paragraph requires an answer, Defendant responds to each allegation as set forth above.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

**FOURTH CLAIM FOR RELIEF**

**(Unfair Competition Under California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200 et seq.)**

81. Defendant incorporates by reference the allegations contained in preceding paragraphs as if set forth herein. To the extent this paragraph requires an answer, Defendant responds to each allegation as set forth above.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

**FIFTH CLAIM FOR RELIEF**

**(Unfair Competition Under California Common Law)**

88. Defendant incorporates by reference the allegations contained in

preceding paragraphs as if set forth herein. To the extent this paragraph requires an answer, Defendant responds to each allegation as set forth above.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

**PRAYER FOR RELIEF**

To the extent that a response to the Prayer for Relief is required, Defendant denies that Plaintiff is entitled to the relief sought or to any relief whatsoever.

**DEFENSES AND AFFIRMATIVE DEFENSES**

Pursuant to Federal Rule of Civil Procedure 8(c), Defendant asserts the following affirmative and other defenses in response to the allegations in the Complaint. Defendant expressly reserves the right to assert any other defenses that may now exist or in the future may be available based on discovery and further factual investigation of this case.

**FIRST DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of fair use.

**SECOND DEFENSE**

Plaintiffs' claims are barred, in whole or in part, due to the first sale doctrine since the accused products were authorized and first sold by Plaintiffs.

**THIRD DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiff has failed to join indispensable parties to the action.

**FOURTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or acquiescence.

**FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, due to unclean hands.

**SIXTH DEFENSE**

Any injury, harm, or damages claimed by Plaintiff, if any, were caused by the intervening and/or superseding actions of others, reducing or eliminating any recovery in this action based on Plaintiff's claims.

**SEVENTH DEFENSE**

Plaintiff's claims and/or remedies are barred, in whole or in part, because Defendant has acted in good faith at the relevant times.

**DEFENDANT'S PRAYER FOR RELIEF**

**WHEREFORE**, Defendant prays for judgment as follows:

1. That the Court find against Plaintiffs and for Defendant on all counts in the Complaint;

2. That the Court find against Plaintiffs and for Defendant on Defendant's Affirmative Defenses;

3. That the Court deny Plaintiffs any and all of their requested relief, including by denying any injunctive relief and any award of any monetary sums whatsoever;

4. That Defendant be awarded attorneys' fees and costs as allowed by law; and

5. That Defendant be awarded such further legal and equitable relief as

the Court deems proper.

## **DEMAND FOR JURY TRIAL**

Defendant hereby demands a jury trial on all issues so triable, per Fed. R. Civ. P. 38 and the Seventh Amendment to the U.S. Constitution.

Dated: July 7, 2025

**MERCHANT & GOULD P.C.**

By: */s/ Scott P. Shaw*
Scott P. Shaw

*Attorney for Defendant*
*Zoetop Business Co., Ltd.*